IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMMY ORTIZ, | ) | |
|     Petitioner, | ) | Civil Action No. 10-287 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY, | ) | |
|     Respondent. | ) | |

# OPINION AND ORDER[1]

Pending before the Court is Petitioner Jimmy Ortiz's petition for a writ of habeas corpus, which he has filed pursuant to 28 U.S.C. § 2241. He challenges a judgment of sentence imposed by the U.S. District Court for the Northern District of Ohio on August 14, 2007.

For the reasons set forth below, the Court must dismiss the petition for lack of subject matter jurisdiction.

## I.

**A.** **Relevant Background**

On August 14, 2007, after a guilty plea, Ortiz was sentenced in the U.S. District Court for the Northern District of Ohio to a total of 168 months of imprisonment and 8 years of supervised release for Conspiracy to Possess with the Intent to Distribute Heroin (Count 1), in violation of 21 U.S.C. §§ 851, 846, 841(a)(1) and (b)(1)(B); Distribution of Heroin (Count 3), in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B); Conspiracy to Possess with the Intent to Distribute Heroin (Count 4), in violation of 21 U.S.C. §§ 851, 846, 841(a)(1) and (b)(1)(B); and, Illegal Re-Entry (Count 7), in violation

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

of 8 U.S.C. § 1326(b)(2). He subsequently filed an appeal with the Court of Appeals for the Sixth Circuit challenging his sentencing as a career offender, which the court denied as untimely on December 12, 2007.

On February 5, 2009, Ortiz filed with the District Court for the Northern District of Ohio a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In that motion, he asserted the same grounds for relief that he asserts here: that he is actually and factually innocent of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) as charged and convicted in Counts 1 and 4 of the indictment, and that he is also actually and factually innocent of the sentencing enhancement that he received under § 2L1.2(1)(B) of the United States Sentencing Guidelines ("U.S.S.G."). (See § 2255 Motion and Brief, Resp's Ex. 5, ECF No. 10-1 at 24-34).

In a Memorandum of Opinion dated February 24, 2009, the district court denied Ortiz's § 2255 motion. (Ortiz v. United States, Nos. 1:09-CV-241, 1:06-CR-417, slip op. (N.D.Oh. Feb. 24, 2009), Resp's Ex. 6, ECF No. 10-1 at 35-46). It determined that the motion was untimely under the applicable statute of limitations, 28 U.S.C. § 2255(f). (Id. at 3-4, Resp's Ex. 6, ECF No. 10-1 at 38-39). It further determined that the grounds raised by Ortiz in his motion were foreclosed by his guilty plea, and by the knowing and voluntary waiver of post-conviction rights in his plea agreement. (Id. at 8-11, Resp's Ex. 6, 10-1 at 43-46). The court also held:

> It appears Ortiz is attempting to circumvent the statutory time bar to filing a § 2255 motion by couching his motion as one brought under the "savings clause," and repeatedly referring to the terms "actual and factual innocence" and "§ 2255(e)." These are buzz words for a habeas petition under 28 U.S.C. § 2241.
>
> Generally speaking, § 2255 is the primary avenue for relief for federal prisoners protesting the legality of their conviction or sentence, while § 2241 is the avenue for claims challenging the execution or manner in which the sentence is served. United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). A federal prisoner may, however, challenge the legality of his conviction or sentence under § 2241 if he can show that § 2255 is "inadequate or ineffective to test the legality of his detention." Id. (citing 28

U.S.C. § 2255(e)).  A prisoner's remedy under § 2255 remedy is not considered inadequate or ineffective merely because the motion is time barred, relief under § 2255 has already been denied, or the prisoner has been denied permission to file a second or successive § 2255 motion.  Charles v. Chandler, 180 F.3d 753, 755 (6th Cir. 1999) (per curiam).  Thus, the fact that Ortiz' § 2255 motion is time barred does not provide a basis for him to seek relief under the savings clause, or § 2255(e).

Nor can Ortiz avail himself of the savings clause by claiming "actual and factual innocence."  The Sixth Circuit has thus far held that only a prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause and proceed under § 2241.  Id.; Joiner v. U.S., No. 1:07 CV 1706, 2007 WL 2688177 at *2 n.3 (N.D. Ohio Sep. 10, 2007) (citing Lott v. Davis, No. 08-6172, 2004 WL 1447645, at *2 (6th Cir. Jun. 18, 2004) ("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause")).  Actual innocence means factual innocence, not legal insufficiency.  Martin v. Perez, 391 F.3d 799, 802-3 (6th Cir. 2004) (citation omitted).

Ortiz claims that he is "actually and factually innocent" of Counts 1 and 4 because the Government did not meet its burden of proving to a jury beyond a reasonable doubt that he conspired to distribute or possessed with the intent to distribute 100 grams or more of heroin, which is an element of the offense.  In other words, Ortiz argues that his conviction and/or sentence for those Counts violates Apprendi v. New Jersey, 530 U.S. 466 (2000).  In Apprendi, the United States Supreme Court held that all facts, other than prior convictions, which increase the maximum sentence must either be admitted by the defendant or found by a jury.  Because Ortiz pled guilty to possessing with intent to distribute 100 grams or more of heroin in Count 4, admitted the drug quantity in the plea agreement, and verbally admitted the drug quantity during the change of plea hearing, Apprendi does not apply.  Additionally, since Apprendi was decided before Ortiz's conviction became final, it would not qualify as an intervening change in the law that establishes his actual innocence.  Chandler, 180 F.3d at 755.

With respect to Count 7, Ortiz claims that he is "Actually and Factually Innocent of the 12 Level Enhancement under § 2L1.2(1)(B) due to [the Court's] Mandatory use of the Guidelines to Enhance his Base Level" in violation of United States v. Booker, 543 U.S. 220 (2005).  Motion, at 8.  He claims that "[t]he record shows that the district court imposed [the sentence] based on the assumption that the enhancement of 12 levels were mandatory."  Id.

Ortiz is correct that the Sentencing Guidelines are no longer mandatory under Booker.  However, his argument still fails.  In crafting a sentence after Booker, the district court is first supposed to calculate the applicable advisory guidelines range, then take into account the sentencing purposes and factors articulated in 18 U.S.C. §§ 3553(a) and (b).  U.S. v. Deveaux, 198 F.App'x 480, (6th Cir. 2006).  The Court explained this to Ortiz at the change of plea hearing.

3

>    Furthermore, in the plea agreement, Ortiz expressly agreed that, "[f]or Count 7 of the indictment, ... the United States Sentencing Guidelines Section 2L1.2 establishes a base offense level of 8. Pursuant to United States Sentencing Guidelines Section 2L1.2(1)(B) an enhancement of 12 levels is appropriate as the defendant has been previously convicted of a felony drug trafficking offense." Plea Agr. ¶ 8 (emphasis added). The Court affirmed Ortiz' understanding of this provision at the change of plea hearing. A review of the plea agreement, the change of plea hearing and the sentencing hearing transcripts show that the Court repeatedly referred to the guideline calculation as advisory – as was also succinctly captured in a Sentencing Memorandum the Court issued following the sentencing hearing. See ECF No. 82.
>
>    In any event, the record resoundingly demonstrates that the Court considered the applicable guideline range advisory only since everyone at the sentencing hearing, including Ortiz, agreed that (1) his offense level was 34 and his criminal history category was VI; (2) the applicable guideline range for offense level 34, criminal history category VI is 262 to 278 months; (3) the government and defense counsel suggested that a more appropriate sentence would be 200 months; and (4) the Court ultimately imposed a prison sentence of only 168 months.

(Id. at 4-8, Resp's Ex. 6, ECF No. 10-1 at 39-43 (footnotes omitted)).

Ortiz did not appeal the district court's decision to deny his § 2255 motion.

Now pending before this Court is Ortiz's request for habeas relief pursuant to 28 U.S.C. § 2241, in which he challenges his conviction and sentence. [ECF No. 4]. Therein, he argues, as he did before the District Court for the Northern District of Ohio, "actual and factual innocence of a violation" under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), as charged and convicted in Counts 1 and 4 of the indictment. ECF No. 4 at 5]. He also asserts, as he did before the District Court for the Northern District of Ohio, "actual and factual innocence" regarding the sentencing enhancement he received under § 2L1.2(1)(B) of the U.S.S.G.

In the Answer [ECF No. 10], Respondent contends that the petition must be dismissed for lack of subject matter jurisdiction. In response, Ortiz filed a brief [ECF No. 12] in which he contends that the remedy under § 2255 is inadequate and/or ineffective and therefore his petition falls within the scope of § 2255's savings clause.

4

**B.**     **Discussion**

    **1.**     **Claims Generally Cognizable In Federal Habeas Corpus Proceedings**

28 U.S.C. § 2255 permits a federal prisoner to challenge his or her sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentences was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255.  Congress, by enacting 28 U.S.C. § 2255, provided a specific avenue by which a defendant could attack his or her federal conviction or sentence.  See, e.g., Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); Chambers v. Romine, 41 F.App'x 525, 526 (3d Cir. 2002); Briggs v. Levi, 275 F.App'x 111, 112-13 (3d Cir. 2008) (per curiam); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction."), quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam).  In contrast, matters concerning the Bureau of Prison's execution of a federal prisoner's sentence are within the subject matter jurisdiction of the court presiding in the district in which that federal prisoner is incarcerated.  See, e.g., McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010). Such claims are properly brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Cradle, 290 F.3d at 538-39; Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).  A habeas corpus petition "is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255."  Myers v. Booker, No. 00-3232, 232 F.3d 902 (Table), 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000).

Respondent correctly contends that this Court must dismiss the petition for want of subject matter jurisdiction because Ortiz is challenging the validity of his conviction and sentence. Accordingly, the issues raised in the instant petition are not within the jurisdiction of this Court.

2.      **The Savings Clause of 28 U.S.C. § 2255**

Ortiz asserts that he is entitled to pursue the instant habeas action in this Court because the remedy under 28 U.S.C. § 2255 is inadequate and/or ineffective. Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

As set forth above, in its February 24, 2009, Memorandum of Opinion, the District Court for the Northern District of Ohio held that Ortiz's case did not fall within § 2255's "savings clause" or "safety valve." He does not articulate any persuasive reason to support his contention that this Court should rule differently. "A section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam), citing Cradle, 290 F.3d at 539. See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or

ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). "Rather, the 'safety valve' provided under section 2255 is *extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law*." Id. at 856 (emphasis added), citing Okereke, 307 F.3d at 120, which cited In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). It is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. Cradle, 290 F.3d at 538-39.

Here, Ortiz's situation is not the rare one rendering § 2255 inadequate or ineffective. Accordingly, this Court does not have jurisdiction to consider the claims he raises in the instant action and his petition must be dismissed.

## C.     Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

## II.

For the foregoing reasons, the petition for a writ of habeas corpus will be dismissed. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMMY ORTIZ, | ) | |
|     Petitioner, | ) | Civil Action No. 10-287 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY, | ) | |
|     Respondent. | ) | |

## **ORDER**

AND NOW, this 12th day of April, 2012;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED. The Clerk of Courts is hereby directed to close this case.

                                          /s/ Susan Paradise Baxter
                                          SUSAN PARADISE BAXTER
                                          United States Magistrate Judge

cc:    Notice by ECF to counsel of record and by U.S. mail to Petitioner at his address of record